UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARKANSAS
WESTERN DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 15 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

| | |
|---|---|
| GUADALUPE MARY FIERRO | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES, INC. | ) |
| Defendant | ) |

Civil Action No. ___18 - 5081___

**JURY TRIAL DEMANDED**

## COMPLAINT

Come now the Plaintiff, and for her Complaint alleges as follows:

### I.    PARTIES AND JURISDICTION

1.    Plaintiff is a resident of Springdale, Washington County, Arkansas.

2.    Defendant is a business registered to operate in the State of Arkansas and listing

with the Arkansas Secretary of State the Corporation Company as its agent for service of process.

3.    Defendant employs currently, and did employ at the time this action accrued,

more than fifteen (15) employees.

4.    All of the events complained of herein occurred within this Judicial District and

Defendant is an entity doing business herein, which gives rise to venue in this district.  28

U.S.C.§1391(b).

### II.    FACTS

5.    Defendant hired Plaintiff on or about August 8, 2004, as a telephone associate.

6.    At the time of her termination on August 23, 2017, Plaintiff had achieved the

position of network technician at the Wal-Mart David Glass Technology Center for Defendant.

1

7.     The Defendant as a policy that an employee who receives a negative referral from a supervisor is given a "coaching session" from a supervisor.

8.     The Defendant has a policy that an employee who requires five "coaching sessions" in one month will be terminated.

9.     The Defendant also has a policy that minor infraction is termed an "event".

10.    From August 8, 2004, through June, 2017, the Plaintiff received zero -0- "coaching sessions".

11.    In, or about, June, 2017, the Defendant assigned a new supervisor to the Plaintiff.

12.    From July, 2017, through the time of the Defendant's termination, the Plaintiff received a series of five "coaching sessions".

13.    Many, if not all, of these "coaching sessions" should have been an "event".

14.    Said new supervisor told the Plaintiff that she was non-caring.

15.    Said new supervisor told the Plaintiff that she was not technically inclined.

16.    At the time of the hiring of said new supervisor, rumors began to circulate among the employees about age discrimination.

17.    After the new supervisor was put in place by the Defendant, younger technicians with less experience began to be promoted over older technicians with more experience.

18.    Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a right-to-sue letter dated February 27, 2018.

**III.    Violations of the Age Discrimination in Employment Act - 29 U.S.C. §621, Et Seq.**

19.    Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of the Complaint.

2

20.     Plaintiff is over the age of forty (40) and is therefore a member of the class protected by the Age Discrimination in Employment Act.

21.     Plaintiff has suffered an adverse employment action in that Defendant has terminated her solely based upon her being over forty (40) years of age.

22.     Plaintiff has performed her job satisfactorily and at a level that met the Defendant's legitimate expectations.

23.     Defendant's stated reason for her termination, that five "coaching sessions" in one month, is insufficient to motivate Defendant's action in terminating an employee of more than 13 years who rose from a telephone associate to network technician with no prior "coaching sessions" with the Defendant in 13 years of employment.

24.     Plaintiff alleges that the intentional acts and omissions as described herein committed by the defendant constitute violations of the Age Discrimination in Employment Act as a result of Plaintiff's age.

25.     As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

WHEREFORE, Plaintiff prays that the Court grant the following relief to Plaintiff:

a.     Order Defendant to make Plaintiff whole by providing her with appropriate back pay with interest, front pay, insurance premiums and medical costs, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

3

b.      That Defendant be permanently and forever enjoined from any further prohibitive discrimination against Plaintiff.

c.      Order that Defendant make Plaintiff whole by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, embarrassment and humiliation in an amount to be proven at trial.

d.      Plaintiff be awarded compensatory damages in an amount to be determined at the trial of this cause.

e.      That Plaintiff be awarded punitive damages in an amount to be determined at the trial of this cause.

f.      That Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs for having to bring this manner.

g.      That Plaintiff be granted such other relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

By:

Ken Swindle
Ark. Bar #97234
619 West Persimmon Street
Rogers AR 72756
Telephone: (479) 621-0120
Facsimile: (479) 621-0838

and

4

Gerry Schulze
2311 Biscayne Drive
Ste 300
Little Rock, AR 72227
Telephone: (501) 537-1000
Facsimile: (501) 537-1001



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
FAX (501) 324-5991
Website: www.eeoc.gov

**FEB 2 7 2018**

Guadalupe Fierro
7290 Napa Valley Lane Apt. 105
Springdale AR 72762

*846 301737002*

Re:     Charge No. 846-2017-37002, Walmart

Dear Ms. Fierro:

The enclosed Notice terminates the processing of your charge and gives notice of your right to sue within 90 days. On February 1, 2018, a copy of the Respondent's position statement was emailed to you and you were given an opportunity to provide a response to the position statement by February 20, 2018. To date, we have not received a response. All evidence collected during the investigation was thoroughly reviewed. The investigation revealed the following facts:

You alleged that you were disciplined, denied a raise and discharged because of your age, 66, in violation of the Age Discrimination in Employment Act of1967, as amended.

The investigation revealed that you were hired when you were 53 years old and promoted with a pay increase when you were 65. The evidence shows that you were given several performance related coachings but because your performance did not improve, you were discharged on August 25, 2017.

You have provided no evidence to show that younger employees who were similarly situated to you were treated any differently.

No further action will be taken by this office regarding your charge of discrimination. The Director's determination in this matter is enclosed. This determination concludes the processing of the charge by the EEOC, but does not affect your right to sue on your own behalf. You may pursue the matter by filing in Federal District Court as explained in the Dismissal and Notice of Rights.

Sincerely,

*Virginia C. Pollard*
Virginia C. Pollard
Enforcement Supervisor

Enclosure

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Guadalupe M. Fierro**
    **7290 Napa Valley Lane Apt 105**
    **Springdale, AR 72762**

From: **Little Rock Area Office**
      **820 Louisiana**
      **Suite 200**
      **Little Rock, AR 72201**

*legal tech list of attorneys*
*Legal Aid*

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2017-37002 | **Virginia C. Pollard,**<br>**Enforcement Supervisor** | **(501) 324-6016** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**William A. Cash, Jr.,**
**Area Office Director**

**FEB 2 7 2018**

*(Date Mailed)*

cc: **Scott A. Forman**
    **Shareholder**
    **LITTLER MENDELSON, P.C.**
    **c/o Littler Mendelson, GSC**
    **2301 Mcgee Street Suite 800**
    **Kansas City, MO 64108**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS      --     Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS      --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION      --     Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE      --     All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*